Albert SUHERMAN, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, Respondent.

No. 04–1536.

United States Court of Appeals, Third Circuit.

Submitted pursuant to LAR 34.1(a) Jan. 20, 2005.

Decided Feb. 3, 2005.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Linda S. Wernery, Terri J. Scadron, William C. Peachey, Virginia M. Lum, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before ALITO, MCKEE and SMITH, Circuit Judges.

## OPINION OF THE COURT

SMITH, Circuit Judge.

Albert Suherman petitions for review of an order from the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of his application for asylum, withholding of removal and relief under the Convention Against Torture.[1] We will deny the petition for review.

Suherman, a native of Indonesia, arrived in the United States in late November 1999 and filed an application for asylum on July 12, 2001. Suherman claimed that he had been persecuted in his native country on account of his Chinese ethnicity and the fact that he was a Christian. After a hearing, the IJ determined that Suherman's asylum application was untimely and that there were no exceptional circumstances to warrant his tardy filing. Withholding of removal was not warranted, according to the IJ, because Suherman failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground if he were returned to Indonesia. The IJ also denied his request for relief under the Convention Against Torture. The BIA adopted and affirmed the decision of the IJ. For that reason, we review the decision of the IJ. *Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002).

Before us, Suherman challenges only the IJ's rejection of his claim for withholding, arguing that the IJ failed to address whether he had a well-founded fear of religious persecution.[2] He submits that the record contains "voluminous background materials that support [his] fear that human rights conditions for non-Muslims are deteriorating in Indonesia."

Section 241(b)(3)(A) of the INA precludes the removal of an alien "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race [or] religion...." 8 U.S.C. § 1231(b)(3)(A). To obtain relief under this provision, an alien must establish by a "clear probability" that his life or freedom would be threatened in the proposed country of deportation. *I.N.S. v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). This "requires that an application [for withholding of removal] be supported by evidence establishing that it is more likely than not that the alien would be subject to

---

1. The IJ had jurisdiction pursuant to 8 C.F.R. § 208.2(b) (2000). The BIA had appellate jurisdiction pursuant to 8 C.F.R. § 1003.1 (2004). We exercise appellate jurisdiction pursuant to the Immigration and Nationality Act ("INA") § 242(b), 8 U.S.C. § 1252(b).

2. We note that even if Suherman had challenged the IJ's conclusion that his asylum application was untimely and that exceptional circumstances were lacking, we would not have jurisdiction to review that determination. *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003).

persecution on one of the specified grounds." *Id.* at 429–30, 104 S.Ct. 2489. Whether Suherman has demonstrated a well-founded fear of future persecution on account of his religion "is a factual determination reviewed under the substantial evidence standard." *Gao,* 299 F.3d at 272. This requires that we decide whether a reasonable fact finder could make the same determination as the agency based on the administrative record. If so, there is substantial evidence to support the finding. *Dia v. Ashcroft,* 353 F.3d 228, 249 (3d Cir.2003) (en banc).

A review of the record shows that the IJ specifically acknowledged that Suherman became a Christian in 1997, but had yet to be baptized. He also observed that there was no evidence to corroborate Suherman's testimony that he attended church in the United States. The IJ recited Suherman's testimony concerning an encounter that occurred in June 1998 while he and his family were going to church. Because no physical harm had been sustained by Suherman or his family during that incident, the IJ found that it did not rise to the level of persecution. Thus, in the absence of past religious persecution, Suherman could rely only upon documentary evidence of religious intolerance to demonstrate a fear of future persecution. The IJ acknowledged the documentary evidence in that regard, particularly as it related to Chinese Christians, but cited the evidence of substantial efforts taken by the Indonesian government to provide for religious freedom for several denominations, including Christians. After consideration of all of this evidence, the IJ concluded that Suherman had failed to prove that he had a well founded fear of persecution on any protected ground and denied Suherman's claim for withholding of removal.

In light of the above, we find Suherman's contention that the IJ failed to ad-

dress his future fear of persecution on account of his Christianity to be without merit. We conclude that there is substantial evidence to support the IJ's determination that Suherman did not have a well-founded fear of religious persecution if he were returned to Indonesia. We will deny the petition for review.